UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JENNIFER ANN BOICE,           )
                              )
        Movant,               )
                              )
    vs.                       )          Case No. 4:11CV701 JCH
                              )
UNITED STATES OF AMERICA,      )
                              )
        Respondent.           )

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Jennifer Ann Boice's Amended Motion under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed May

20, 2013.  (ECF No. 12).

## BACKGROUND

On May 13, 2010, a jury found Movant guilty of one count of conspiracy to possess

pseudoephedrine with the intent to manufacture methamphetamine, and one count of possession of

pseudoephedrine with the intent to manufacture methamphetamine.  On August 16, 2010, Movant

was sentenced to 84 months imprisonment, followed by supervised release for two years.  Movant

voluntarily dismissed the direct appeal of her conviction and sentence.  In the instant § 2255 Motion,

Movant alleges the following four grounds for relief:

> (1)    That Movant received ineffective assistance of counsel, in that trial counsel
>        failed to present any evidence at trial;
>
> (2)    That Movant received ineffective assistance of counsel, in that trial counsel
>        improperly advised Movant to proceed to trial, rather than plead guilty;
>
> (3)    That Movant received ineffective assistance of counsel, in that trial counsel
>        failed to file a pretrial motion seeking to suppress the pseudoephedrine logs;
>        and

(4)     That Movant received ineffective assistance of counsel, in that trial counsel
        failed to file a pretrial motion seeking to suppress evidence described in the
        police reports.

(Amended § 2255 Motion, PP. 4, 13-15).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [her] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw*, 24 F.3d at 1043 (citation omitted).

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" *Reed*, 512 U.S. at 353 (quoting *Davis v. United States*, 417 U.S. 333, 344 (1974)).

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Movant satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. *Id.* at 691. To do so, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

## DISCUSSION

### A.    Ground 1

In Ground 1 of her § 2255 Motion Movant maintains she received ineffective assistance of counsel, in that trial counsel failed to present any evidence at trial. Upon consideration the Court finds Movant's attorney's trial performance was not deficient in this regard, for several reasons. First, the Court notes that although trial counsel presented no witnesses, he engaged in cross-examination of each of the Government's witnesses, including extensive cross-examination of both its main law enforcement witness and its expert witness. (*See* Trial Transcript, Cause No. 4:09CR804 JCH, ECF No. 149, PP. 101-102, 129-158, 162-164, 172-173, 178-180, 186-189, 196-198, 204-206; ECF No. 150, PP. 34-69, 77-78). Counsel further made a detailed oral motion for a judgment of acquittal at the close of the Government's case. (*See Id.*, ECF No. 150, PP. 83-85).

Finally, counsel gave a thorough closing argument, detailing the elements of the crimes charged and explaining why the Government's evidence was insufficient to establish such elements. (*See Id.*, ECF No. 150, PP. 108-117). Under these circumstances, the Court does not find counsel's performance fell "outside the wide range of professionally competent assistance" sanctioned by *Strickland*, and so Ground 1 of Movant's § 2255 Motion must be denied.

**B.    Ground 2**

In Ground 2 of her § 2255 Motion Movant maintains she received ineffective assistance of counsel, in that trial counsel improperly advised Movant to proceed to trial, rather than plead guilty. Upon consideration, the Court finds that with this claim Movant fails to demonstrate the requisite prejudice, as she provides no indication that but for counsel's allegedly unprofessional error the result of her proceeding would have been different. *See Strickland*, 466 U.S. at 694. To the contrary, Movant has consistently maintained her innocence throughout this matter. (*See, e.g.*, Letter from Movant to Court, Cause No. 4:09CR804 JCH, ECF No. 157 ("When I was indicted in 2009, I took my case to trial because I was innocent."); Boice Affidavit, ECF No. 12-1, P. 5 ("I never participated in any sale of methamphetamines, or any 'Sudafed', nor did I know or participate in any manufacturing of methamphetamines.")). Under these circumstances, there exists no reasonable probability that Movant would have entered a plea of guilty had she received proper advice from her attorney, and so Ground 2 must be denied.

**C.    Ground 3**

In Ground 3 of her § 2255 Motion Movant alleges she received ineffective assistance of counsel, in that trial counsel failed to file a pretrial motion seeking to suppress the pseudoephedrine logs. Upon consideration the Court finds that with this claim, Movant fails to establish either prong of the *Strickland* test. With respect to deficient performance, the Court notes that Movant initially

filed a written waiver of pretrial motions on March 18, 2010, indicating there were no issues she wished to raise by way of pretrial motion. (*See* Cause No. 4:09CR804 JCH, ECF No. 46). The Magistrate Judge then conducted a hearing on Movant's purported waiver, during which Movant executed a Memorandum for Court confirming that after discussing the discovery received from the Government with counsel, she agreed it was in her best interest to waive her right to file pretrial motions. (*See Id.*, ECF No. 51). Under these circumstances, the Court cannot find Movant's counsel's performance in advising/allowing her to waive her pretrial motions was constitutionally deficient.

With respect to prejudice, the Court notes that subsequent to the above proceedings, Movant's counsel did file a motion to suppress the pharmaceutical records regarding the alleged purchases of pseudoephedrine. (*See* Cause No. 4:09CR804 JCH, ECF No. 55). The Magistrate Judge issued a Report and Recommendation recommending first that Movant's motion to suppress be denied as untimely filed, or alternatively, that it be denied on the merits. (*See Id.*, ECF No. 66). This Court allowed the late filing, but adopted the Magistrate Judge's finding that the motion should be denied on the merits. (*See Id.*, ECF No. 84). Movant's attorney thus pursued the motion at issue to resolution, and so Movant fails to demonstrate prejudice from his allegedly deficient performance. Ground 3 is denied.

### D.    Ground 4

In Ground 4 of her § 2255 Motion Movant alleges she received ineffective assistance of counsel, in that trial counsel failed to file a pretrial motion seeking to suppress evidence described in the police reports. Specifically, Movant complains that because the jury received undisputed evidence she resided in a home with her co-defendants during the time period at issue, they

reasonably could infer she possessed knowledge of the extent of methamphetamine sales taking place therein.

Upon consideration the Court again finds that with this claim, Movant fails to establish either *Strickland* prong. With respect to deficient performance, as noted above Movant's trial counsel engaged in cross-examination of each of the Government's witnesses, presented a detailed oral motion for a judgment of acquittal at the close of the Government's case, and gave an extensive closing argument detailing the elements of the crimes charged and explaining why the Government's evidence was insufficient to establish such elements. This Court witnessed counsel's performance, and does not find it fell "outside the wide range of professionally competent assistance" sanctioned by *Strickland*.

Even assuming counsel's performance in failing to file the motion was constitutionally deficient, the Court finds Movant fails to establish "a reasonable probability that, but for counsel's unprofessional error[], the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. Specifically, the Court notes that through his cross-examination trial counsel attempted to rebut the evidence contained in the police reports, by establishing that no witnesses, including the other defendants in the case, implicated Movant in any way during their police interviews. (*See, e.g.*, Cause No. 4:09CR804 JCH, ECF No. 149, PP. 101-102, 132-136, 139-141). Trial counsel then emphasized the elicited favorable testimony during his closing argument. (*See Id.*, ECF No. 150, PP. 110-113, 115). Despite these efforts, the jury nevertheless found Movant guilty of both charges, and the Court finds Movant's proffered evidence here does nothing to undermine confidence in this outcome.[2] Ground 4 is denied.

## CONCLUSION

---

2 As further support for its ruling, the Court notes Movant provides no legal basis for concluding a motion to

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 12) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this  17th  Day of February, 2014.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

suppress would have been granted, had it been filed.